UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| MICHAEL ROBINS, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:17-cv-01221-JDB-cgc |
|  | ) |  |
| CORPORAL FNU WARD, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

ORDER TO MODIFY DOCKET, DISMISSING COMPLAINT,
AND GRANTING LEAVE TO AMEND

On November 16, 2017, Plaintiff, Michael Robins, who was incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee,[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* in the United States District Court for the Middle District of Tennessee. (Docket Entries ("D.E.") 1, 2.) That Court issued an order on November 29, 2017, granting leave to proceed *in forma pauperis*; assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)–(b); and transferring the complaint to the Western District of Tennessee. (D.E. 4.) The Clerk shall record the Defendant as Corporal FNU Ward.

The inmate alleges that on September 23, 2017, Ward entered his cell and headbutted him. (D.E. 1 at PageID 6.) As a result, Robins blacked out and was taken to a nurse's station. (*Id.*) Plaintiff grieved the incident and told the corporal assigned to the night shift about the attack. (*Id.*)

---

[1] According to state records, Plaintiff is now incarcerated at the Morgan County Correction Complex in Wartburg, Tennessee. The Clerk is therefore DIRECTED to MODIFY the docket to reflect Plaintiff's changed location.

He states that the Defendant approached him the next day and "bribed me/demanded that I drop the grievance," and when Plaintiff told other prison officials, they either ignored him or "laughed it off." (*Id.*) Robins informed a nurse that he had migraines and blurred vision from the headbutt and was placed on doctor call. (*Id.*) The inmate further claims that various corrections officers not named in this lawsuit skipped his cell for a shower visit and suggested they would urinate in his food because he had filed the grievance. (*Id.*) As of October 3, 2017, Plaintiff maintains he still had not received proper medical attention for his injuries. (*Id.* at PageID 7.) Robins also avers that another inmate heard "a guard" brag about headbutting an inmate, which Plaintiff assumed referred to the alleged incident with Ward, and that Defendant was bribing other inmates to lie about the incident. (*Id.*) The inmate acknowledges that on October 8, 2017, he was sent to a medical infirmary for a weekend, but his grievances still went unanswered. (*Id.*) Plaintiff seeks monetary damages for his pain and suffering. (*Id.* at PageID 8.)

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss the complaint, or any portion thereof, if it—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the assertions "plausibly

suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory contentions "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

**ANALYSIS**

42 U.S.C. § 1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

3

Plaintiff does not specify whether he is suing Ward in his official or individual capacity. The Sixth Circuit requires a plaintiff to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). The Court will therefore presume Robins is suing Ward in his official capacity.

The inmate's claim against Ward in his official capacity is construed as against Ward's employer, the TDOC. *Shabazz v. Centurion*, 17-1051-JDT-cgc, 2018 WL 1440985, at *2 (W.D. Tenn. Mar. 22, 2018) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Suits against the TDOC are, in turn, treated as ones against the State of Tennessee. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *accord Malone v. Tennessee*, No. 03-2869 B, 2005 WL 2671343, at *3 (W.D. Tenn. Oct. 19, 2005). The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment prohibits citizens from suing their own states in federal court. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst*, 465 U.S. at 100; *see also Virginia Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts

may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, "a state is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. 58). Plaintiff therefore fails to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

To the extent Robins' complaint could be construed as alleging claims of retaliation or inadequate medical care, he fails to state a proper claim. Plaintiff names only Ward in this lawsuit but does not allege that Defendant was personally responsible for either the alleged mistreatment by other NWCX officers or the inadequate medical care. Even if the inmate had alleged that Ward was responsible, the claim would be subject to dismissal because, for the reasons explained above, the Court presumes that Robins is only suing Ward in his official capacity.

Plaintiff's complaint is therefore subject to dismissal in its entirety for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless

complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Plaintiff should be given an opportunity to amend his complaint.

The Court DISMISSES Plaintiff's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). Leave to amend, however, is GRANTED. Any amendment must be filed within thirty days after the date of this order.

Robins is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Plaintiff fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED this 4th day of March 2019.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE