UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MICHAEL ROBINS,

    Plaintiff,

v.                                                  No. 1:17-cv-01221-JDB-cgc

CORPORAL FNU WARD,

    Defendant.

ORDER DIRECTING THAT PROCESS BE ISSUED AND SERVED
ON CORPORAL FNU WARD

On March 7, 2019, this Court dismissed the complaint filed by Plaintiff, Michael Robins, and granted him leave to file an amended complaint, (Docket Entry ("D.E.") 7), which Plaintiff has submitted, (D.E. 8).

In his amended complaint, Robins reiterates the facts of his original complaint: Defendant, Corporal First Name Unknown ("FNU") Ward, "came into my cell . . . and assaulted me by headbutting me," which he claims caused him to black out and be taken to the nurse's station. (D.E. 8 at PageID 40.) He subsequently grieved the incident. (*Id.* at PageID 41.) Ward later "bribed" Robins to "drop the statement and grievance." (*Id.*) The inmate further alleges that other corrections officers threatened him or mistreated him over the incident, but Plaintiff does not seek to add those officers as defendants in this suit. (*Id.* at PageID 41–43.) Robins has suffered migraines and blurred vision since the incident. (*Id.* at PageID 40.) He also complains about his medical treatment but did not add claims about his medical care. (*Id.* at PageID 43–44.) The inmate specifies that he is suing Defendant in his individual capacity and seeks $150,000 in compensatory damages. (*Id.* at PageID 40.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (D.E. 7 at PageID 35–36), and will not be reiterated here.

Plaintiff's allegations that Ward headbutted him amount to a claim of excessive force, which arises under the Eighth Amendment's prohibition of cruel and unusual punishments. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *accord Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005). The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297, 302–03 (1991).

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). For a claim of excessive force, the "core judicial inquiry" is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. at 320–21 (quotation omitted).

Plaintiff alleges that Ward injured him without provocation or reason. He does not contend that there was a struggle or situation necessitating an "effort to maintain or restore discipline." The allegations of the complaint, taken as true, suffice to state a claim of excessive force against Defendant.

It is therefore ORDERED that the Clerk shall issue process for Ward and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every subsequent document he files in this cause on the attorneys for Ward. The inmate shall make a certificate of service on every document filed. Robins shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[1]

Plaintiff shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED this 9th day of April, 2019.

 s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.